# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| **GABRIEL I. ADKINS,** | **CIVIL ACTION NO. 15-75-HRW** |
| **Plaintiff,** | |
| **V.** | |
| **JOE BURCHETT,** *et al.,* | **MEMORANDUM OPINIOIN AND ORDER** |
| **Defendants.** | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Gabriel I. Adkins is an inmate confined in the Boyd County Detention Center ("BCDC") located in Catlettsburg, Kentucky. Proceeding without counsel, Adkins has filed a 42 U.S.C. § 1983 civil rights complaint asserting constitutional claims against five defendants: (1) Joe Burchett, the Jailer of the BCDC; (2) Dave Justice, Commonwealth's Attorney for Boyd County, Kentucky; (3) Mark Hardy, Public Defender for Boyd County, Kentucky; (4) Sam Weaver, Public Defender for Boyd County, Kentucky; and (5) Gerald B. Reams,

Jr., Judge, Boyd County District Court.[1] [D. E. No. 1] By separate Order, Adkins has been granted pauper status in this proceeding.

The Court conducts a preliminary review of Adkins's § 1983 complaint because he asserts claims against government officials, and because he has been granted *in forma pauperis* status in this action. 28 U.S.C. §§ 1915(e)(2); 1915A. In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.*

Because Adkins is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For the reasons set forth below, however, the Court will dismiss Adkins's § 1983 claims against four defendants (Dave Justice, Mark Hardy, Sam Weaver, and Gerald B. Reams, Jr.) without prejudice based on abstention principles, but will dismiss with prejudice his First Amendment "right of access to the courts" claims against Joe Burchett, Jailer of the BCDC.

---

[1] The Court takes judicial notice of the fact that the name of this defendant is "Gerald B. Reams, Jr." The Clerk of the Court will be instructed to correct this defendant's name accordingly on the CM/ECF cover sheet.

2

## ALLEGATIONS OF THE § 1983 COMPLAINT

The following is a summary of Adkins's claims, based on statements set forth in his § 1983 complaint and publically available information obtained from the Office of the Clerk of the Boyd County District/Circuit Courts.

On August 22, 2015, Adkins was charged in the Boyd District Court with two counts of Assault in the First Degree. *See Commonwealth vs. Gabriel Isaiah Adkins*, No. 15-F-00369 ("the State Court Criminal Case"). According to the docket sheet, Adkins was arrested on August 23, 2015, and on August 24, 2015, the Boyd District Court appointed a public advocate to represent Adkins in the State Court Criminal Case, although the docket sheet does not identify the appointee(s) by name. On August 24, 2015, Boyd District Court Judge Scott T. Reese presided over the Adkins's arraignment, and set Adkins's bail amount at $100,000.00 (cash).

On September 2, 2015, Boyd District Court Judge Gerald B. Reams, Jr., presided over Adkins's preliminary hearing. On that same date, Judge Reams determined that the charges were sufficient to proceed to the Grand Jury for further action, and he maintained the same $100,000 cash bail requirement imposed earlier in the case. Adkins has apparently been unable to raise the $100,000 cash bail amount, and thus remains in custody at the BCDC as a pre-trial detainee. The

State Court Criminal Case has been pending before the Boyd Circuit Grand Jury since September 2, 2015.

In his § 1983 complaint, Adkins challenges numerous aspects of the State Court Criminal Case, which, as noted, is pending in the Boyd District/Circuit Courts.  He complains about various actions allegedly taken by the prosecutor (Defendant Mike Justice, Boyd County Commonwealth's Attorney); the two public defenders appointed to represent him (Defendants Mark Hardy and Sam Weaver); and Boyd District Judge Gerald B. Reams, Jr., who, as noted, presided over Adkins' preliminary hearing on September 2, 2015.  [D. E. No. 1, pp. 4-6] Specifically, Adkins objects to the Judge Reams's refusal to reduce his bail/bond amount to ten (10) percent of the $100,000 amount, stating that Reams refused to lower the amount because of his (Adkins's) violent criminal history, see *id.*, p. 4. Adkins maintains that he does not have a violent criminal history. [*Id.*]

Adkins alleges that Defendants Justice, Hardy, Weaver, and Reams have acted together in such a manner as to deny him release on bail, and that they have "…vigorously & maliciously in order to use Freedom as a Tool to obtain the guilty plea from the poor & defenseless!" [*Id.*] Adkins claims that despite the fact that he does not have a violent criminal history, his public defenders (Defendants Hardy and Weaver) have told him that he may be indicted for being a Persistent

4

Felony Offender ("PFO") and that Hardy and Weaver are using the possible PFO indictment as "leverage" to force him to plead guilty to the assault charges. [*Id.*]

In summary, Adkins appears to be alleging that the prosecutor and presiding judge in the State Court Criminal Case have denied him due process of law, in violation of his rights guaranteed under the Fourteenth Amendment of the U.S. Constitution.  He is also appears to be alleging that his two court-appointed attorneys have not provided him with effective assistance of counsel, in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel in criminal proceedings.

Adkins next alleges that Defendant Joe Burchett, BCDC Jailer, has denied him access to a law library and/or legal materials, and has thus violated his "right of access to the courts," guaranteed by the First Amendment of the U.S. Constitution.  Adkins alleges that after his preliminary hearing, he submitted a series of requests to BCDC Officer Joe Hutch, III, in which he requested access to "statutes & laws." R. 1, p. 3; *see also*, p. 2; that Hutch repeatedly denied his requests to obtain access to these unspecified legal resources; and that he was told by Lieutenant Smith, another BCDC official, that Burchett would not allow inmates to have access to "statutes & laws" unless they were representing

5

themselves. [*Id.*, pp. 2-3] Adkins thus asserts that he has a constitutional right to manage his own criminal defense in the State Court Criminal Case.

Adkins demands $14,000.00 in damages from the defendants. [*Id.*, p. 11] Adkins also appears to be seeking injunctive relief in (or from) the State Court Criminal Case, stating that he seeks "...Justice Served on the Responsible parties that [Retains][2] in Sequence With The State & Federal Law." [*Id.*]

## DISCUSSION
### 1. Claims Against Defendants Justice, Hardy, Weaver, and Reams

In his § 1983 complaint, Adkins alleges that during the arraignment and preliminary hearing stages of the State Court Criminal Case, Defendant Dave Justice, Boyd County Commonwealth's Attorney, and Gerald B. Reams, Jr., one of the presiding Boyd District Court judges, violated his Fourteenth Amendment right to due process of law guaranteed under the Fourteenth Amendment of the U.S. Constitution. He further alleges that his two public defenders (Defendants Mark Hardy and Sam Weaver) have rendered ineffective assistance of counsel during all stages the State Court Criminal Case, in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution. Based on these alleged constitutional violations, Adkins seeks not only substantial money damages from

---

[2] This word is mostly illegible, but it appears to read as "Retains."

6

these defendants, but also injunctive relief, in the form of an order directing the defendants to follow state and federal law.

Based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Adkins cannot proceed with his claims against Defendants Justice, Hardy, Weaver, and Reams, in this § 1983 proceeding. Under the *Younger doctrine*, a federal court must decline to interfere with pending state proceedings that involve important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. "Younger abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

All three factors that support abstention under *Younger* are present in this case. First, the State Court Criminal Case is currently pending in a Kentucky state court. Second, the State Court Criminal Case implicates an important state interest--a criminal prosecution--an area in which federal courts traditionally decline to interfere. *See Younger*, 401 U.S. at 43–45; *Leveye v. Metropolitan Public Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (holding that state

7

court criminal proceedings traditionally implicate an important state interest) (citing *Younger*, 401 U.S. at 43–45). Third, no evidence exists that State Court Criminal Case cannot provide an opportunity for Adkins to raise his various constitutional claims, including his Sixth Amendment allegation that his publically appointed attorneys are not properly representing him.

*Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 91 L.Ed.2d 512 (1986). That analysis clearly applies in this case: if this Court were to entertain Adkins's § 1983 claims seeking both damages from Defendants Justice, Hardy, Weaver, and Reams, and some type of unspecified injunctive relief--most likely an order reducing the $100,000.00 bail amount set by the Boyd District Court--it would be impermissibly interfering with the State Court Criminal Case, which is currently pending in the Boyd Circuit Court. This Court declines to take either course of action and effectively interfere with a criminal prosecution pending in Kentucky state court. *See Carroll*, 139 F.3d at 1074-75 ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.");

8

*Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *see also Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 68-42 (6th Cir. 1990).

Abstention is thus appropriate in this case with respect to Adkins's Fifth and Sixth Amendment claims seeking both money damages and unspecified injunctive relief. *See Carroll*, 139 F.3d at 1075 (holding that *Younger* abstention may be applied where the plaintiff seeks both declaratory relief and damages). A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. *Coles*, 448 F.3d at 866 (citing *Carroll*, 139 F.3d at 1075). Therefore, the Court will dismiss Adkins's § 1983 claims Defendants Justice, Hardy, Weaver, and Reams, *without* prejudice to his right to assert his constitutional claims against, if warranted, when State Court Criminal Case has concluded.

### 2. Claims Against BCDC Jailer Joe Burchett

As noted, Adkins alleges that his court-appointed attorneys are not properly representing him in the State Court Criminal Case and that they have acted contrary to his interests [D. E. No. 1, pp. 2-4]; that his court-appointed attorneys have too many criminal cases to handle to properly represent him in the State Court Criminal Case, *see id.*, p. 5; and that the BCDC houses inmates from too

9

many counties to enable him to effectively meet with his court-appointed attorneys and discuss his criminal defense strategy in the State Court Criminal Case, *see id.* Adkins therefore contends that he needs to take his legal representation into his own hands and conduct his own legal research of unspecified "statutes and laws" at the BCDC. He complains that the BCDC lacks an adequate law library and/or adequate legal research materials; that BCDC Officer "J." Hutch has denied his numerous requests seeking access to unspecified legal materials; and that Hutch has denied his requests for access to legal resources at the behest and direction of Jailer Joe Burchett. [*Id.*, pp-2-3] Adkins's First Amendment claim alleging that Jailer Joe Burchett has denied him "access-to-the-courts" fails for two reasons.

First, Adkins does not allege that Burchett personally and directly denied him access to the unspecified legal materials, which he broadly describes as "statutes and laws." Instead, Adkins alleges that Officer "J." Hutch denied his written requests, attaching to his complaint a series of "General Request Forms" which Hutch either allegedly ignored or denied outright. [D. E. No. 1-1, pp. 2-12]. Such facts do not create constitutional liability on the part of Jailer Joe Burchett.

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *see also Bellamy v.*

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, for a supervisor (such as Jailer Joe Burchett) to be held liable under § 1983, he or she must have personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Again, Adkins alleges that Officer Hutch, not Burchett, denied his requests seeking access to legal materials.

Further, a prison official cannot be held liable under § 1983 either for denying administrative grievances or for failing to remedy alleged retaliatory behavior, because such actions are not equivalent to "approv[ing] or knowingly acquiesc[ing] in the unconstitutional conduct," for which supervisors can be liable. *Shehee*, 199 F.3d at 300. This concept holds true even if the supervisor (here, Jailer Joe Burchett) has actual knowledge of the alleged constitutional violation, as Adkins alleges in this case, and even if the supervisor was involved in denying a grievance which raised the alleged constitutional violations. *Id.*; *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that Martin failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine

of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Stewart v. Taft*, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act"). In his § 1983 complaint, Adkins alleges, at best, that Burchett approved the denial of his administrative requests seeking access to legal materials, but under the case law such action, even if true, does not subject Burchett to liability under § 1983.

Second, Adkin's substantive First Amendment claim alleging that the denial of his requests to be provided with "statutes and laws" at the BCDC has effectively denied him "access to the courts" lacks merit. The right of access to the courts is a fundamental right protected by the constitution. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir.1995). The right of access guarantees access to the courts, not necessarily an adequate prison law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Moreover, "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). Prisoners may not dictate the method by which access to the courts will be

provided. *Knop v. Johnson*, 977 F.2d 996, 1003, n. 5 (6th Cir. 1992) ("Our own court, like other courts of appeals, has always understood the Supreme Court to have meant what it said in holding that prisoners must be provided adequate law libraries "or" adequate assistance from persons with legal training."); *Penland v. Warren County Jail*, 759 F.2d 524, 531 n. 7 (6th Cir. 1985) (*en banc*); *see also Lewis v. Casey*, 518 U.S. at 351-354. As previously discussed, two court appointed attorneys currently represent Adkins in the State Court Criminal Case, which is in the early stages of development. If the State Court Criminal Case proceeds further, Adkins is free to ask the Boyd District Court to allow him to represent himself. But at present, Adkins enjoys the services of court-appointed counsel in the State Court Criminal Case.

Further, to establish a § 1983 claim concerning a denial of access to the courts, a plaintiff must demonstrate some prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351. This can be accomplished by demonstrating that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A plaintiff must also show that the alleged deprivation was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th

13

Cir. 2003) ("to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent").

Adkins does not allege that the absence of a law library at the BCDC has resulted in either the late filing of a court document or the dismissal of an otherwise meritorious claim, nor does he allege that any other BCDC official denied him access to legal materials or legal assistance in order to impede his criminal proceedings. Adkins instead alleges that the Kentucky Department of Corrections has told the BCDC that it is "...no longer responsible for a law library...," and that Burchett does not allow inmates to have access to limited types of legal materials "...unless they represent thierselves [sic]." [D. E. No. 1, p. 2] But again, Adkins does *not* represent himself in the State Court Criminal Case; he has court-appointed counsel. Adkins therefore cannot establish that his status in the State Court Criminal Case has been compromised or prejudiced by the asserted deficiencies at the BCDC.

Under these circumstances, Adkins's First Amendment right of access to the courts has been protected. *See Leveye*, 73 F. App'x at 793; *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991); *Holt*, 702 F.2d at 640. Adkins's First Amendment "right of access to the courts" claim will therefore be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, the Court being duly advised, **IT IS ORDERED** as follows:

1.     The Clerk of the Court shall amend the CM/ECF cover sheet to reflect that the correct name Defendant "Gerald Reams" is: "Gerald B. Reams, Jr."

2.     The 42 U.S.C. § 1983 claims (alleging a denial of his Fourteenth Amendment right to due process of law, and his Sixth Amendment right to effective assistance of counsel) asserted by Plaintiff Gabriel I. Adkins against Defendants Dave Justice, Boyd County Commonwealth's Attorney; Mark Hardy, Boyd County Public Defender; Sam Weaver, Boyd County Public Defender; and Gerald B. Reams, Jr., Boyd District Court Judge; are **DISMISSED WITHOUT PREJUDICE**.

3.     The 42 U.S.C. § 1983 claims asserted by Plaintiff Gabriel I. Adkins against Defendant Joe Burchett, alleging a denial of his First Amendment "right of access to the courts," is **DISMISSED WITH PREJUDICE**.

4.     The Court will enter an appropriate Judgment.

5.     This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This October 13, 2015.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge

15